# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JASON BRADLEY THOMAS                                                    PETITIONER
Reg #14285-003

V.                          No. 2:22-CV-00015-BSM-JTR

CHAD GARRETT, Warden,
FCI-Forrest City                                                         RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On January 21, 2022, Petitioner Jason Bradley Thomas ("Thomas"), a prisoner currently incarcerated at the Federal Correctional Institute in Forrest City, Arkansas, ("FCI-Forrest City") filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. *Doc. 1*.

Because Thomas was released from the Bureau of Prisons ("BOP") on August 26, 2022, his request for habeas relief is now moot.[1] Accordingly, Thomas's habeas Petition should be dismissed, without prejudice, as moot.

## II. Procedural History

In his habeas Petition, Thomas asserts four separate habeas claims: (1) FCI-Forrest City holds him beyond the Sentencing Guidelines range due to the trial court's error; (2) the BOP excludes him from the First Step Act ("FSA") due to prolonged non-federal placement, failure to implement the FSA, and excessive COVID-19 lockdowns; (3) the COVID-19 lockdowns at FCI-Forrest City are excessive and too restrictive, and the staff cannot control the spread of COVID-19; and finally, (4) staff at FCI-Forrest City expose him to raw sewage on the walkways. *Doc. 1 at 6–7.*

On May 13, 2022, Respondent John P. Yates ("Yates") filed a Response to Thomas's habeas Petition. *Doc. 4.* In his Response, Yates alleges that: (1) Thomas did not exhaust his administrative remedies; and (2) Thomas's claims were not properly brought under § 2241 and/or lack merit. *Id. at 1.*

---

[1] According to publicly available records, Thomas was released from BOP custody on August 26, 2022. Federal Bureau of Prisons, INMATE LOCATOR, https://www.bop.gov/inmateloc// (last visited Aug. 23, 2023).

On June 16, 2022, Thomas filed a Motion to Withdraw claims one, three, and four in his habeas Petition. *Doc. 7.* On the same date, Thomas also filed a Reply. *Doc. 8*. On June 30, 2022, the Court granted that Motion. *Doc. 11*.

On February 24, 2023, Yates filed an Amended Answer to Thomas's habeas Petition. *Doc. 12*. In his Amended Answer, Yates alleges that Thomas's claims are now moot because Thomas was released from BOP custody on August 26, 2022. *Id. at 2.*

### III.  Discussion

Article III of the Constitution limits the jurisdiction of federal courts to consideration of *ongoing* "cases" or "controversies." U.S.C.A. Const. Art. III, § 2, cl. 1. (emphasis added). "It is not enough that a dispute was very much alive when suit was filed…The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 354 (8th Cir. 1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "When, during the course of the litigation, the issues presented in the case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (internal quotations, ellipsis, and citations omitted). If a claim for relief becomes moot during the pendency of the

3

action, a court has no discretion and must dismiss the action for lack of jurisdiction. *Id.* at 724.

According to Yates's Amended Answer and publicly available records, Thomas was released from BOP custody last year. *Doc. 12 at 2*. Since Yates filed the Amended Answer on February 24, 2023, Thomas has not disputed this fact. Accordingly, because there is no remaining controversy with respect to the application of the FSA, Thomas's remaining claim is moot. Accordingly, because Thomas's remaining claim is moot, I recommend that the Court dismiss his habeas Petition, without prejudice.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Thomas's Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED, without prejudice, as moot.

2. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 28th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE